*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NEIL ANDREW TRAPP,

        Defendant-Appellant.

FOR PUBLICATION
December 17, 2020

No. 345293
Macomb Circuit Court
LC No. 2017-004415-FH

Before: SWARTZLE, P.J., and BECKERING and GLEICHER, JJ.

SWARTZLE, P.J. (*concurring*).

I concur in the result only. During oral argument, defense counsel rhetorically asked whether we can be safe from warrantless entry in "our" homes. I have serious doubts whether defendant was in "his" home or that he otherwise had a legitimate expectation of privacy in the trailer where he encountered the officers. Even setting this aside, the appeal should be resolved on the basis of existing law, rather than reaching a novel question of constitutional law. Given the posture of this appeal, however, I cannot dissent.

At the time of sentencing, the judgment of sentence listed defendant's residence as being on Doepfer Road in Warren, while the address of the trailer identified during the preliminary examination was on Ready Road, a little over 2-1/2 miles away. Though it is possible that defendant moved residences between the dates of arrest and sentencing, there is nothing in the appellate record confirming that defendant actually resided on Ready Road on the date of arrest.

Prior to approaching the trailer, the officers had information that a male with a firearm had caused a disturbance earlier in the evening, and the male might be a trespasser. The park manager told the officers that the only person who lived in the trailer was a female. Thus, whether defendant was a trespasser, a mere short-term/transient guest, or, instead, a social/overnight guest who had a legitimate expectation of privacy in the trailer, depends on "the totality of the circumstances." *People v Lombardo*, 216 Mich App 500, 504; 549 NW2d 596 (1996); 68 Am Jur 2d, Searches and Seizures, § 11, p 120. It is the defendant's burden to show that he had a legitimate expectation of privacy to challenge a warrantless entry under the Fourth Amendment. *Lombardo*, 216 Mich App

at 505.  With all of that said, the prosecutor did not challenge defendant's standing to raise the Fourth-Amendment defense.

Our Supreme Court ordered this Court on remand to answer three specific questions, as the majority notes.  I agree with the majority that, in the abstract, the constructive-entry doctrine should be recognized in Michigan, and I further agree that there were not exigent circumstances when officers commanded the occupants to exit the trailer.  As to whether the facts of this case fall within the doctrine, I reiterate my doubts on whether defendant had a legitimate expectation of privacy in the trailer.  These officers had reason to believe that there was an armed trespasser in or near the premises, and they issued a simple, relatively calm command to the male occupants to exit the trailer—a far cry from the shows of force and "overbearing tactics" found in other constructive-entry situations.  *United States v Thomas*, 430 F3d 274, 277 (CA 6, 2005) (collecting cases).  Nonetheless, these officers did issue a command, not a request, and assuming arguendo that defendant had a legitimate expectation of privacy in the trailer, I agree with my colleagues that the officers constructively entered the trailer.

I would have preferred not to have reached the constructive-entry question, however, because as the majority recognizes, the arrest was without probable cause in any event.  A court should not address novel questions of constitutional law when the case can be resolved on settled law, see *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 614-615; 684 NW2d 800 (2004), rev'd on other grounds by *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349; 792 NW2d 686 (2010), but our Supreme Court ordered this Court to address specific questions, so the questions must be addressed.

Accordingly, I concur in the result only.


/s/ Brock A. Swartzle